UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| OTIS PARHAM, JR., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:08-CV-17 JVB |
| | ) | |
| JOHN BEATTY, MIKE MUSSEY, and | ) | |
| ELLA HOGAN, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendants John Beatty, Mike Mussey, and Ella Hogan's (collectively "Defendants") Motion to Dismiss Plaintiff Otis Parham, Jr.'s Complaint [DE 16]. For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Dismiss.

## BACKGROUND

On January 14, 2008, Plaintiff filed his *pro se* Employment Discrimination Complaint ("Complaint") in this matter. On February 5, 2008, Defendants filed their Answer to Plaintiff's Complaint and, on May 28, 2008, Defendants filed the subject Motion to Dismiss. Plaintiff, however, never responded to Defendants' Motion to Dismiss.[1]

Plaintiff's Complaint consists of a preprinted standard form complaint which has six sections that must be completed by a litigant. Plaintiff, however, did not complete a number of

---

[1] Although Plaintiff was entitled to submit a response to Defendants' Motion to Dismiss, "it was also appropriate for him to rely on his pleadings." *Curtis v. Bembenek*, 48 F.3d 281, 287 (7th Cir. 1995). Thus, a pro se plaintiff "can simply rest on the assumed truthfulness and liberal construction afforded his complaint. Unlike the summary judgment context, the nonmovant's lack of response to a motion to dismiss constitutes no admission of the proponent's factual assertions." *Id.* Accordingly, "[i]t is not reversible error to fail to give [notice of the possible consequences of a failure to respond] in the limited circumstances where it appears 'beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at n. 8. Furthermore, "[t]his is consistent with the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim as set by *Haines*, 404 U.S. at 520–21, 92 S.Ct. at 595–96." *Ross v. Franzen*, 777 F.2d 1216, 1219 (7th Cir. 1985).

the sections of his Complaint. In Section II of the Complaint, entitled "Basis of Claim and Jurisdiction," Plaintiff failed to designate a federal statute upon which is claim is based.[2] (Compl. at 2.) In Section III of the Complaint, Plaintiff failed to provide a statement of his legal claim. (*Id.*) In Section IV of the Complaint, Plaintiff provides the following statement constituting his account of the facts on which his Complaint is based:

> It not [sic] unusual to have a spy working in plant this size when you get caught as John Beatty attempted to kill, and admitted that he did it. A spy hate crime setup [illegible] all as above. John Beatty didn't get know [sic] time off.

(*Id.* at 3.) In Section V of the Complaint[3], entitled Prayer for Relief, Plaintiff states:

> I am suing charging John Beatty Ella Hogan Mike Mussey for 6 month of pay $44,000 J.B. didn't get any time off.

(*Id.*) Plaintiff then signed and dated the Complaint in Section VI, providing an affirmation that the statements contained in the Complaint were based on his personal knowledge and "true and correct."

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss a counterclaim, a court

---

[2] In the Basis of Claim and Jurisdiction Section, Plaintiff also failed to indicate whether he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or the Indiana Civil Rights Commission. (Compl. at 2.) Furthermore, Plaintiff failed to indicate whether he received a Right to Sue Notice from the EEOC or the Indiana Civil Rights Commission. (*Id.*) *See e.g., Beamon v. Marshall & Isley Trust Co.*, 411 F.3d 854, 860 (7th Cir. 2005) (failing to file a timely charge with the EEOC precludes a subsequent lawsuit under Title VII.)

[3] The Prayer for Relief Section is mislabeled on the preprinted Complaint form. It should be Section V, not Section IV.

2

must accept as true all the well-pleaded material facts and must draw all reasonable inferences from those facts in the light most favorable to the pleader. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991).

In *Bell Atlantic Corp. v. Twombly*,127 S.Ct. 1955 (2007)*,* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The factual allegations of the pleading must be enough to raise a right to relief above the speculative level; the pleading must contain enough facts to state a claim to relief that is plausible on its face. *Id*. The Court of Appeals for the Seventh Circuit, reading *Bell Atlantic* and *Erickson v. Pardus*,127 S.Ct. 2197 (2007)[4] together, has said "we understand the Court to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT &T Mobility LLC***,** 499 F.3d 663, 667 (7th Cir. 2007).

Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than those of a represented party. *Alvarado v. Litscher,* 267 F.3d 648, 651 (7th Cir. 2001) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)) (per curiam). Thus, courts liberally construe *pro se* complaints. *Id*. (citation omitted); *see also Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) ("It is, by now, axiomatic that district courts have a special responsibility to

---

[4]*Erickson* was decided two weeks after *Bell Atlantic*.

construe *pro se* complaints liberally"). However, "[a]lthough civil litigants who represent themselves . . . benefit from various procedural protections not otherwise afforded to the attorney-represented litigant . . . pro se litigants are not entitled to a general dispensation from the rules of procedure." *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) (citation omitted).

## DISCUSSION

Having reviewed Plaintiff's Complaint, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and pertinent case law. In the Complaint, Plaintiff makes the following statements:

> It not [sic] unusual to have a spy working in plant this size when you get caught as John Beatty attempted to kill, and admitted that he did it. A spy hate crime setup [illegible] all as above. John Beatty didn't get know [sic] time off.
>
> I am suing charging John Beatty Ella Hogan Mike Mussey for 6 month of pay $44,000 J.B. didn't get any time off.

(Compl. at 3.) These statements, which are the only statements contained in Plaintiff's Complaint, do not constitute facts or allegations which can be viewed as supporting any known legal theory or cause of action. Thus, Plaintiff's statements fail to establish any statutory or legal basis by which Plaintiff can assert any plausible employment discrimination claim(s) against Defendants. *Killingsworth*, 507 F.3d at 618 (the complaint must contain "enough facts to state a claim to relief that is plausible on its face.") Furthermore, it is simply impossible for this Court to discern Plaintiff's claim from his Complaint as written. Accordingly, dismissal is warranted here because Plaintiff has failed to set forth a statement or claim demonstrating that he is entitled to relief. *See* Fed. R. Civ. P. 12(b)(6).

4

Assuming *arguendo* that Plaintiff's Complaint alleges violations of Title VII of the Civil Rights Act of 1964, as amended, against Defendants, it is still subject to dismissal. Title VII imposes liability on only those entities which qualify as an "employer" and does not provide for individual liability. For purposes of Title VII, an "employer" is defined as "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current of preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). Accordingly, because Plaintiff has named individual defendants, who are not subject to individual liability under Title VII, dismissal of the Complaint is required. *Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490, 494 (7th Cir. 1998) (individual defendants are not subject to personal liability under Title VII); *Paige v. Dora*, No. 1:07-cv-011, 2007 WL 3333338, at *2 (N.D. Ind. Nov. 7, 2007) (individual defendants are not an "employer" under Title VII, and therefore are not subject to individual liability).

## CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss Plaintiff's Complaint [DE 16] is **GRANTED**. Accordingly, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**

SO ORDERED on January 16, 2009.

        s/Joseph S. Van Bokkelen
        JOSEPH S. VAN BOKKELEN
        UNITED STATES DISTRICT JUDGE
        HAMMOND DIVISION